IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RONALD CORDELL                          *

      Plaintiff,                  *

vs.                                     *
                                        CASE NO. 4:04-CV-58 (CDL)
UNUM LIFE INSURANCE COMPANY OF          *
AMERICA,
                                   *

      Defendant.
                                   *

O R D E R

This case arises out of Defendant UNUM Life Insurance Company of America's ("UNUM") denial of long-term disability benefits to Plaintiff Ronald Cordell. Plaintiff seeks back benefits and future benefits under a UNUM plan, and Defendant moves for summary judgment on all of Plaintiff's claims (Doc. 6). For the following reasons, Plaintiff's claims are dismissed without prejudice and Defendant's motion is denied as moot.

BACKGROUND

On September 6, 2001, Plaintiff filed a claim for long-term disability benefits under UNUM Group Policy No. 301122 ("the Policy"). Plaintiff's then-employer, Cramer, Johnson, Wiggins & Associates ("CJWA"), maintained the Policy for its employees. After requesting additional information and forms from Plaintiff, UNUM denied Plaintiff's request for long-term disability benefits on

April 25, 2002. In this denial, UNUM explained the procedures for administrative review of its decision.[1]

On October 22, 2002, Plaintiff appealed UNUM's denial by letter. In this letter, Plaintiff indicated his intention to have a physician review UNUM's reasons for the denial of benefits. Plaintiff explained that he expected a report from this physician within ten days and that he would submit this report to UNUM for its consideration in his appeal. On November 22, 2002, Defendant UNUM responded to Plaintiff's appeal request and explained that it had not received the additional information Plaintiff asked to be considered on appeal. In this correspondence, UNUM stated:

> We do await your next correspondence and do welcome the opportunity to provide Mr. Cordell with an independent appellate review. Please allow us to assure you that once we receive the additional (medical) information, this claim file will receive a thorough, fair and timely review. If no further information is received, this appellate claim file will remain closed.

---

[1]Specifically, the letter states:

> A decision on appeal will be made not later than 45 days after we receive your written request for review of the initial determination. If we determine that special circumstances require an extension of time for a decision on appeal, the review period may be extended by an additional 45 days (90 days in total) . . . .
>
> If an extension is necessary due to your failure to submit the information necessary to decide the appeal, the notice of extension will specifically describe the required information, and you will be afforded at least 45 days from receipt of the notice to provide the specified information . . . . If you fail to deliver the requested information within the time specified, we *may* decide your appeal without that information.

(emphasis added).

Since UNUM received no further information from Plaintiff, UNUM considered Plaintiff's file closed without a decision on Plaintiff's appeal.

Plaintiff claims that Defendant UNUM "was advised on December 23, 2002 that no further information would be provided [to UNUM] in order to process the appeal." (Mem. in Opp'n to Def.'s Mot. for Summ. J. 7.) Plaintiff waited over fifteen months and did not receive a decision from UNUM regarding his appeal. Consequently, on April 13, 2004, Plaintiff filed an action in the State Court of Muscogee County for back benefits, future benefits, punitive damages, and attorney's fees. Plaintiff only asserted claims under state law. Defendant subsequently removed this case contending that federal jurisdiction exists under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1001, *et. seq.*

Defendant now moves for summary judgment on Plaintiff's claims arguing: (1) that Plaintiff's claims are preempted by ERISA;[2] (2) that Plaintiff failed to exhaust his administrative remedies; (3) that the Policy does not provide for short-term benefits; and (4) that UNUM's decision was proper under the heightened arbitrary and capricious standard. Because Plaintiff has failed to exhaust his administrative remedies, Plaintiff's claims are dismissed without prejudice.

---

[2] Defendant's first argument refers to defensive preemption, which requires the dismissal of state law claims that are preempted by ERISA. *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 n.6 (11th Cir. 2003). The parties are not contesting the jurisdiction of this Court. *See Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006) ("As ERISA claims are completely preempted, . . . state law claims that seek relief available under ERISA are recharacterized as ERISA claims and arise under federal law.") (citations omitted).

Consequently, Defendant's Motion for Summary Judgment is denied as moot.

## DISCUSSION

"[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Bixley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (quotation marks and citation omitted). "This exhaustion requirement applies equally to claims for benefits and claims for violation of ERISA itself." *Id.* (citation omitted).

Here, Plaintiff claims that he exhausted his administrative remedies, but that UNUM refused to issue a decision on his appeal. Plaintiff, however, was notified on November 22, 2002, that UNUM had not made a decision on his appeal and that if "no further information is received [by UNUM], [his] appellate claim file will remain closed." Plaintiff contends that on December 23, 2002, Defendant UNUM was "advised" that no further information would be provided. Defendant UNUM states that it was never told that it would not receive any additional information, and consequently, pursuant to its letter, Plaintiff's appellate file remained closed.

Although Plaintiff claims that Defendant UNUM was notified on December 23, 2002, that no further information would be forthcoming, Plaintiff presents no evidence that this notification actually occurred. There is no correspondence in the administrative record after Defendant UNUM's November 22 letter, and Plaintiff has provided no evidence outside the administrative record to support his

assertion. Thus, Plaintiff has failed to exhaust his administrative remedies, and his claims are dismissed without prejudice.[3]

CONCLUSION

Since Plaintiff has failed to exhaust his administrative remedies, his claims are dismissed without prejudice. Defendant's Motion for Summary Judgment (Doc. 6) and Motion to Strike (Doc. 20) are consequently denied as moot.

IT IS SO ORDERED, this 31st day of October, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3] The Court dismisses without prejudice to allow Plaintiff to exhaust his administrative remedies under the Policy.